NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0348n.06

No. 25-3883

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 04, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) | |
| KENNETH J. JACKSON, JR., | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: BATCHELDER, MOORE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** In May 2017, a jury convicted Kenneth Jackson, Jr., of several offenses related to a string of carjackings. *See United States v. Jackson*, No. 22-3958, 2023 WL 8847859, at *1 (6th Cir. Dec. 21, 2023). After three trips to this court and two to the Supreme Court, this case was remanded for resentencing under § 403 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. *See United States v. Jackson*, No. 22-3958, 2025 WL 2436301 (6th Cir. Aug. 20, 2025); *Jackson v. United States*, 145 S. Ct. 2834 (2025); *see also Hewitt v. United States*, 606 U.S. 419 (2025). On resentencing, Jackson argued for a reduced sentence based on his youth at the time of his offenses, his overstated criminal history, and the need to avoid unwarranted sentencing disparities.

At sentencing, the district court explained that it "thoroughly read" Jackson's pre-sentencing submissions. R. 271, Resent'g Tr., PageID 3216. Additionally, defense counsel was given the chance to speak, where he reiterated the points made in the sentencing papers and

answered questions about Jackson's arguments against unwarranted sentencing disparities. After Jackson's allocution, the Government asserted that a harsh sentence was required to reflect the seriousness of Jackson's crime, promote respect for the law, and impose a just punishment, citing much of the trial testimony.

The district court gave Jackson 276 months in prison. It concluded that Jackson's criminal history score accurately reflected his past conduct. It also took "into consideration all of the 3553(a) factors" and "incorporate[d]" everything the Government asserted at the hearing. *Id.* at PageID 3229. Jackson now appeals his sentence for the fourth time, asserting that the district court did not adequately address his arguments.[1]

The "district courts are entitled to a great deal of deference in explaining a" within-Guidelines sentence, *United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009), and we will not reverse simply because the sentence was "announced in a terse manner," *United States v. Glover*, 167 F.4th 417, 429 (6th Cir. 2026). We will affirm if we can tell the district court considered all relevant factors, regardless of how the sentence was explained. *See United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005).

Judging by these standards, the district court did not err. To start, a district court necessarily accounts for the need to avoid unwarranted sentencing disparities when it properly calculates the Guidelines range, *see United States v. Houston*, 529 F.3d 743, 754 (6th Cir. 2008), and the district court did so here. Moreover, the district court directly questioned Jackson's counsel about that issue, clearly showing that the district court considered the argument. So the

---

[1] The parties contest whether this argument was preserved, but Jackson cannot win under any standard of review, so we need not address the question. *See United States v. Williams*, No. 25-3497, 2026 WL 1022387, at *1 n.1 (6th Cir. Apr. 15, 2026).

district court adequately considered the need to avoid sentencing disparities. Additionally, the district court expressly disagreed with Jackson's characterization of his criminal history, so it was adequately considered. Finally, the district court incorporated the Government's arguments about the serious and violent nature of Jackson's crimes into its decision. Recurring violent criminal behavior can outweigh the defendant's young age at the time of his crime. *See United States v. Sherrill*, 972 F.3d 752, 773–74 (6th Cir. 2020); *United States v. McCaster*, 410 F. App'x 955, 957 (6th Cir. 2011). Thus, by adopting the Government's characterization of Jackson's crimes and his criminal history, it necessarily rejected Jackson's argument that his sentence should be lower based on his youth, and so the district court adequately considered that point.

For the foregoing reasons, we **AFFIRM**.